Filed: August 17, 2001 


IN THE SUPREME COURT OF THE STATE OF OREGON



BRIDGET FLANAGAN,

 Petitioner,


 v.



HARDY MYERS,
Attorney General for the State of Oregon,

 Respondent,


 and



GREG WASSON,

 Intervenor.


(SC S47890, S47891, S47892)


(Consolidated for Argument and Opinion)



 On modified ballot titles filed August 9, 2001.*


 Richard D. Wasserman, Assistant Attorney General, Salem,
filed the Filing of Modified Ballot Titles for respondent. With
him on the filing were Hardy Myers, Attorney General, and Michael
D. Reynolds, Solicitor General.


 No appearance contra.


 Before Carson, Chief Justice, and Gillette, Durham, Leeson,
Riggs, and De Muniz, Justices.


 The modified ballot titles are certified. The appellate
judgment shall issue in accordance with ORS 250.085(9).



 *332 Or 318, ___P3d ___ (2001) (referring ballot titles for
modification).

 

 The court in these consolidated ballot title review
proceedings determined that the Attorney General's certified
ballot titles for three proposed initiative measures, which the
Secretary of State denominated as Initiative Petitions 7, 8, and
9 (2002), failed to comply substantially with statutory
standards. Flanagan v. Myers, 332 Or 318, ___ P3d ___ (2001). 
Under Oregon Laws 2001, chapter 802, section 2 (now codified as
ORS 250.085(8)), the court referred the ballot titles to the
Attorney General for modification. The Attorney General has
filed modified ballot titles for the proposed initiative
measures, and no party to the ballot title review proceedings has
objected. See ORS 250.085(9) (setting out period within which
party may object to modified ballot title and requiring court to
certify modified ballot title if no objection filed).

 The modified ballot title for Initiative Petition 7
(2002) states:

 "AMENDS CONSTITUTION: REQUIRES OWNERS OF
PRIVATE PROPERTY OPEN TO PUBLIC TO
PERMIT FREE SPEECH ON ALL SUBJECTS



 "RESULT OF 'YES' VOTE: 'Yes' vote requires owners
of private property open to public to permit free
speech on all subjects, including petitioning,
political campaigning, commercial advertising,
religion, obscenity.


 "RESULT OF 'NO' VOTE: 'No' vote rejects requiring
owners of private property open to public to permit
speech on all subjects, including petitioning,
political campaigning, commercial advertising,
religion, obscenity.


 "SUMMARY: This measure would amend the Oregon
Constitution. The Constitution now entitles persons to
collect initiative signatures on public property, but
does not entitle persons, over an owner's objection, to
collect initiative signatures or engage in other types
of speech or expressive activity on private property. 
The measure would extend the right of free speech 'on
any subject whatever' to interior and exterior areas of
all private property open to the general public,
without exception. Measure thus would require owners
of such property to permit all expressive activities,
including circulation of petitions and solicitation of
signatures for initiative petitions; political
campaigning; commercial advertising; religious speech;
and obscenity. Measure would prohibit the application
of civil and criminal trespass laws to nullify or
detract from that right." 

 The modified ballot title for Initiative Petition 8
(2002) states:

 "AMENDS CONSTITUTION: EXPANDS RIGHT
TO PETITION FREELY TO ALL LOCATIONS IN
PRIVATELY-OWNED BUSINESSES OPEN TO PUBLIC



 "RESULT OF 'YES' VOTE: 'Yes' vote expands
signature-gathering right, requiring owner of any
private business open to public to permit citizens to
solicit petition signatures anywhere on premises.


 "RESULT OF 'NO' VOTE: 'No' vote rejects expanding
signature-gathering right to require privately-owned
businesses open to public to permit citizens to solicit
petition signatures anywhere on premises.


 "SUMMARY: This measure would amend the Oregon
Constitution. The Constitution now entitles persons to
collect initiative signatures on public property, but
does not entitle persons, over an owner's objection, to
collect initiative signatures on private property. The
measure would extend citizens' right to petition,
entitling citizens to petition freely in any privately-owned business to which the public is invited. The
measure thus would require owners of such businesses to
permit citizens to solicit petition signatures, without
interference, at all interior and exterior areas of
those businesses, without exception. The measure would
prohibit the application of civil and criminal trespass
laws to nullify or detract from that right."

 The modified ballot title for Initiative Petition 9
(2002) states:

 "AMENDS CONSTITUTION: EXPANDS PETITIONING
RIGHT 
TO ALL PRIVATELY-OWNED BUSINESSES OPEN
TO PUBLIC,
SUBJECT TO REASONABLE REGULATION



 "RESULT OF 'YES' VOTE: 'Yes' vote expands
signature-gathering right, requiring owners of private
businesses open to public to permit citizens to solicit
petition signatures, subject to reasonable regulation.


 "RESULT OF 'NO' VOTE: 'No' vote rejects expanding
signature-gathering right to require privately-owned
businesses open to public to permit citizens to gather
signatures subject to reasonable regulation.


 "SUMMARY: This measure would amend the Oregon
Constitution. The Constitution now entitles persons to
collect initiative signatures on public property, but
does not entitle persons, over an owner's objection, to
collect initiative signatures on private property. The
measure would extend citizens' right to petition,
entitling citizens to petition freely in any privately-owned business to which the public is invited, subject
to reasonable time and place regulations. The measure
thus would require owners of such businesses to permit
citizens to solicit petition signatures, at all
interior and exterior areas of those businesses,
imposing only reasonable time and place regulations. 
The measure would prohibit the application of civil and
criminal trespass laws to nullify or detract from that
right."


 The modified ballot titles are certified. The
appellate judgment shall issue in accordance with ORS 250.085(9).